IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

JASON L. McCRIGHT,

    Petitioner,

v.                                                  Civil Action No. 3:17CV443

ERIC WILSON,

    Respondent.

## MEMORANDUM OPINION

Jason L. McCright, a federal inmate proceeding *pro se*, filed this petition for habeas corpus under 28 U.S.C. § 2241 (hereinafter "§ 2241 Petition," ECF No. 1.) McCright contends that the Bureau of Prisons ("BOP") "has denied me jail credit from [the] time I was sentenced 3/2009 to June 6th 2012, the sentence was concurrent to any other sentence." (§ 2241 Pet. 7 (capitalization corrected).)[1] The matter is now before the Court on Respondent's Motion for Summary Judgment (ECF No. 8). Because, as explained below, McCright's federal sentence was not ordered to run concurrent to the state sentence he had been serving and the BOP has properly calculated his sentence, the Motion for Summary Judgment will be GRANTED.

### I. Standard for Summary Judgment

Summary judgment must be rendered "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). It is the responsibility of the party seeking summary judgment to inform the Court of the basis for the motion, and to identify the parts of the record that demonstrate the absence of a genuine issue of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323

---

[1] Although McCright listed multiple claims in his § 2241 Petition, the claims largely overlap. The Court analyzes all aspects of McCright's demands for relief in the Memorandum Opinion and concludes they are without merit.

(1986). "[W]here the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary judgment motion may properly be made in reliance solely on the pleadings, depositions, answers to interrogatories, and admissions on file." *Id.* at 324 (internal quotation marks omitted). When the motion is properly supported, the nonmoving party must go beyond the pleadings and, by citing affidavits or "'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* (quoting former Fed. R. Civ. P. 56(c) and 56(e) (1986)).

In reviewing a summary judgment motion, the Court "must draw all justifiable inferences in favor of the nonmoving party." *United States v. Carolina Transformer Co.*, 978 F.2d 832, 835 (4th Cir. 1992) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). However, a mere scintilla of evidence will not preclude summary judgment. *Anderson*, 477 U.S. at 251 (citing *Improvement Co. v. Munson*, 81 U.S. (14 Wall.) 442, 448 (1872)). "[T]here is a preliminary question for the judge, not whether there is literally no evidence, but whether there is any upon which a jury could properly proceed to find a verdict for the party . . . upon whom the onus of proof is imposed." *Id.* (quoting *Munson*, 81 U.S. at 448). Additionally, "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915 & n.7 (5th Cir. 1992)); *see* Fed. R. Civ. P. 56(c)(3) ("The court need consider only the cited materials . . . .").[2]

---

[2] Additionally, Local Civil Rule 56(B) provides:

> Each brief in support of a motion for summary judgment shall include a specifically captioned section listing all material facts as to which the moving party contends there is no genuine issue and citing the parts of the record relied on to support the listed facts as alleged to be undisputed. A brief in response to such a motion shall include a specifically captioned section listing all material facts as to which it is contended that there exists a genuine issue necessary to be litigated

In support of his Motion for Summary Judgment, Respondent submits: (1) the Declaration of Forest Kelly, Correctional Programs Specialist at the Department of Justice's Designation and Sentence Computation Center ("DSCC") in Grande Prairie, Texas ("Kelly Decl.," ECF No. 9-1); (2) the Judgment for McCright's 2009 federal conviction (ECF No. 9-2); McCright's Sentence Summary from the Virginia Department of Corrections ("VDOC") (ECF No. 9-3); the U.S. Marshals Service Individual Custody and Detention Report (ECF No. 9-4); the Order reducing McCright's federal sentence to 128 months (ECF No. 9-5); a letter dated May 8, 2012, from the VDOC to the U.S. Marshals Service (ECF No. 9-6); and the BOP's Public Inmate Information Data as of September 12, 2017 (ECF No. 9-7). McCright has not responded, but he did sign his § 2241 Petition under penalty of perjury (§ 2241 Pet. 10).

In light of the foregoing principles and submissions, the following facts are established for purposes of the Motion for Summary Judgment. The Court draws all permissible inferences in favor of McCright.

---

and citing the parts of the record relied on to support the facts alleged to be in dispute. In determining a motion for summary judgment, the Court may assume that facts identified by the moving party in its listing of material facts are admitted, unless such a fact is controverted in the statement of genuine issues filed in opposition to the motion.

E.D. Va. Loc. Civ. R. 56(B). As McCright failed to respond to the Motion for Summary Judgment, the Court largely relies upon the facts set forth in the Respondent's Statement of Undisputed Facts. (ECF No. 9, at 2–3.)

## II. Summary of Pertinent Facts

### A. Imposition of McCright's State and Federal sentences

On October 20, 2008, McCright committed the federal offense of Distribution of Cocaine Base for which he is currently incarcerated. (Kelly Decl. ¶ 5).[3]

On December 5, 2008, McCright was sentenced in the Circuit Court of the City of Newport News, Virginia to a 4-year and 2-month state term of imprisonment for an unrelated state offense of Distribution of Cocaine. (*Id.* ¶ 6.) McCright was taken into custody by state authorities on December 5, 2008. (*Id.*)

On February 27, 2009, McCright was transferred to federal custody pursuant to a writ for prosecution. (*Id.* ¶ 7.) On July 17, 2009, McCright was sentenced in the Eastern District of Virginia, to a 192-month term of imprisonment for Distribution of Cocaine Base. (*Id.* ¶ 8.) This sentence was later reduced to a term of 128 months. (*Id.*) Neither the original Judgment, nor the Order reducing the sentence, indicate that the federal sentencing court ordered the term to be served concurrently with any other sentence. (ECF No. 9-2, at 2-7; ECF No. 9-5, at 2.)[4] McCright was returned to the VDOC on September 22, 2009, for the continued service of the state term of imprisonment. (Kelly Decl. ¶ 9.)

### B. Service of the State and Federal Sentences

McCright was released by the VDOC, via good time release, on June 6, 2012, to the exclusive custody of federal authorities. (*Id.* ¶ 10.) The BOP conducted a sentence computation and determined that McCright's federal sentence commenced on June 6, 2012—the date he came into exclusive federal custody. (*Id.*) The BOP received records from the VDOC which showed

---

[3] In his Declaration, Mr. Kelly cites the specific documents upon which he relies for each fact. Because McCright does not dispute Kelly's recitation of the facts and in the interest of brevity, the Court omits Kelly's citation to the supporting documents.

[4] The Court employs the pagination assigned by the CM/ECF docketing system.

that McCright entered VDOC's custody on February 24, 2009. (*Id.* ¶ 11.) The VDOC calculated Petitioner's sentence as a 4-year and 2-month term of confinement beginning upon commitment to the VDOC with jail credit from April 11, 2008 through May 2, 2008, and from December 5, 2008 through February 24, 2009. (*Id.*) The BOP sentence computation determined that the federal sentence, a 128-month term, was to run consecutively to the prior state sentence because the judicial orders in McCright's case were silent as to whether the sentence was to be served consecutively or concurrently. (*Id.* ¶¶ 8–12.) As all of McCright's time spent in detention had been applied to his state sentence, McCright came into the BOP custody without any prior service credit. (*Id.*) McCright currently is scheduled for release from his federal sentence, via good time release, on September 21, 2021. (*Id.*)

### III. Analyis

As a preliminary matter, a federal sentence cannot begin to run before it is pronounced. *Holmes v. Stansberry*, No. 3:09cv165, 2010 WL 174106, at *1 (E.D. Va. Jan. 15, 2010) (citing *United States v. Labeille–Soto*, 163 F.3d 93, 98–99 (2d Cir. 1998)). The statute that governs the commencement of a federal prisoner's sentence states that, "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served." 18 U.S.C. § 3585(a). When a state has primary jurisdiction over the defendant, federal custody "commences only when the state authorities relinquish the prisoner on satisfaction of the state obligation." *United States v. Evans*, 159 F.3d 908, 912 (4th Cir. 1998) (citations omitted).

There is one exception to this rule. "When a federal court imposes a sentence on a defendant who is already in state custody, the federal sentence may commence if and when the

Attorney General or the Bureau of Prisons agrees to designate the state facility for service of the federal sentence." *Id.* at 911–12 (citing *Barden v. Keohane*, 921 F.2d 476, 481–82 (3d Cir. 1990); 18 U.S.C. § 3621(b) ("The Bureau of Prisons shall designate the place of the prisoner's imprisonment."); *see Trowell v. Beeler*, 135 F. App'x 590, 593 (4th Cir. 2005). This did not occur in McCright's case.

When "an inmate has sentences imposed by federal and state authorities, the sovereign that arrested him first acquires and maintains primary jurisdiction over him until the sentence imposed by that sovereign has been satisfied." *Sanchez v. Coakley*, No. CCB–10–1585, 2011 WL 334692, at *3 (D. Md. Jan. 28, 2011) (citing *Evans*, 159 F.3d at 912). "Generally, a sovereign can only relinquish primary jurisdiction in one of four ways: 1) release on bail; 2) dismissal of charges; 3) parole; or 4) expiration of sentence." *Papadapoulous v. Johns*, No. 5:09–HC–2009–FL, 2011 WL 1104136, at *5 n.4 (E.D.N.C. Mar. 22, 2011) (citing *United States v. Cole*, 416 F.3d 894, 896–97 (8th Cir. 2005); *McCollough v. O'Brien*, No. 7:06–CV–712, 2007 WL 2029308, at *1 (W.D. Va. July 10, 2007)). Thus, the "borrowing" of McCright for the writ of prosecution did not effect a transfer of primary custody. *See United States v. Poole*, 531 F.3d 263, 271 (4th Cir. 2008); *Thomas v. Whalen*, 962 F.2d 358, 360–61 (4th Cir. 1992). McCright was "received" when the federal authorities obtained primary jurisdiction over him on June 6, 2012 after the expiration of his state sentence. Accordingly, the BOP properly concluded that McCright's federal sentence began on June 6, 2012.

Additionally, the BOP properly calculated McCright's prior custody credit. The pertinent statute provides:

> **(b) Credit for prior custody.**—A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences—
> (1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after
the commission of the offense for which the sentence was imposed;
*that has not been credited against another sentence.*

18 U.S.C. § 3585 (emphasis added). Here, prior to his receipt into the custody of the BOP, McCright received credit for all the time spent in custody against his state sentence. Therefore, the record reflects that the BOP has properly calculated McCright's sentence.

## IV. Conclusion

For the foregoing reasons, Respondent's Motion for Summary Judgment (ECF No. 8) will be GRANTED. McCright's claims will be DISMISSED. The action will be DISMISSED. The § 2241 Petition will be DENIED.

An appropriate Order will issue.

Date: 6/18/18
Richmond, Virginia

/s/ _____
John A. Gibney, Jr.
United States District Judge

7